IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SANDFORD OIL COMPANY, INC., SANDFORD OIL SOUTH TEXAS, INC., WESTERN TRANSPORTATION, INC. COASTLINE TRANSPORTATION, INC. and R BLAKE SANDFORD<br><br>Defendants. | CIVIL ACTION NO: 2:16-cv-119 |

**COMPLAINT**
[*Jury Trial Demanded*]

Plaintiffs, ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS on behalf of themselves and all others similarly situated, by and through counsel, hereby sets forth this Representative Action Complaint for Violation of the Fair Labor Standards Act as follows:

**NATURE OF THE COMPLAINT**

1.     Plaintiffs, ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS, bring this action against Defendants, SANDFORD OIL COMPANY, INC., SANDFORD OIL SOUTH TEXAS, INC., WESTERN TRANSPORTATION, INC., COASTLINE TRANSPORTATION, INC. and R BLAKE SANDFORD (Hereinafter "Defendants") for unpaid overtime wages and related penalties. Plaintiffs allege, on

behalf of themselves and all other similarly situated hourly employees of Defendants, that Defendants failed and refused to pay Plaintiffs, and all others similarly situated, the proper overtime pay for time worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq.

2. Plaintiffs seek declaratory relief, unpaid overtime pay, liquidated and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

3. At all times relevant hereto, Defendants had an illegal practice and policy of paying overtime non-exempt Helpers, Drivers, Crew Leaders, Fuelers/Fuel Hands and sand coordinators at a flat salary rate or at an hourly rate and willfully failing and refusing to pay the proper overtime pay due and owing to Plaintiffs and all other similarly situated employees in violation of the FLSA.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

5. The Southern District of Texas has personal jurisdiction over Defendants because they are doing business in Texas and in this judicial District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

A.   **Plaintiffs**

**Named Plaintiffs**

7.	Plaintiff, ASHLAND ARENAS, is a resident of Corpus Christi, Texas. Defendants employed Plaintiff as a Fueler/Fuel Hand from approximately May 28, 2014 to December 12, 2014. Plaintiff's Consent to Join is attached as Exhibit A.

8.	Plaintiff, JASON VILLAREAL, is a resident of Corpus Christi, Texas. Defendants employed Plaintiff as a frac tech crew leader and driver from 2010 to approximately September 1, 2015. Plaintiff's Consent to Join is attached as Exhibit "B."

9.	Plaintiff, CEDRIC CAMP, is a resident of Colgate, Oklahoma. Defendants employed Plaintiff as a crew leader from June 11, 2011 to January 15, 2015. Plaintiff's Consent to Join is attached as Exhibit "C".

10.	Plaintiff, JOE ROJAS, is a resident of Robstown, Texas. Defendants employed Plaintiff as a helper coordinator from March 1, 2013 to November 1, 2015. Plaintiff's Consent to Join is attached as Exhibit "D."

11.	At all times material hereto, Plaintiff's were employees of Defendants for purposes of FLSA.

**Representative Action Members**

12.	The putative members of the representative action are those current and former employees of Defendants who are similarly situated to Plaintiffs; i.e., those who were not paid their regular or statutorily required overtime rate of pay for all hours worked.

**B.	Defendants**

13.	Defendant SANDFORD OIL COMPANY, INC. is a domestic for profit corporation and conducts business in this state. Service of Process may be had

on Defendant through its registered agent: R Blake Sandford at 501 US Highway 81 South, Decatur, Texas 76234, or wherever he may be found.

14.     Defendant SANDFORD OIL SOUTH TEXAS, INC. is a domestic for profit corporation and conducts business in this state. Service of Process may be had on Defendant through its registered agent: R Blake Sandford at 5582 Old Brownsville Road, Corpus Christi, Texas 78417, or wherever he may be found.

15.     Defendant WESTERN TRANSPORTATION, INC. is a domestic for profit corporation and conducts business in this state. Service of Process may be had on Defendant through its registered agent: R Blake Sandford at 501 US Highway 81 South, Decatur, Texas 76234, or wherever he may be found.

16.     Defendant COASTLINE TRANSPORTATION, INC. is a domestic for profit corporation and conducts business in this state. Service of Process may be had on Defendant through its registered agent: R Blake Sandford at 501 US Highway 81 South, Decatur, Texas 76234, or wherever he may be found.

17.     At all times material hereto Defendants, SANDFORD OIL COMPANY, INC., SANDFORD OIL SOUTH TEXAS, INC., WESTERN TRANSPORTATION, INC. and COASTLINE TRANSPORTATION, INC. were collectively an "enterprise" under FLSA.

18.     Defendant R BLAKE SANDFORD is a resident of the Southern District of Texas and at all times material hereto, was the managing agent of the Defendants, SANDFORD OIL SOUTH TEXAS, INC., WESTERN TRANSPORTATION, INC. and COASTLINE TRANSPORTATION, INC.; said Defendant acted and acts directly in the

interests of the Defendants, SANDFORD OIL COMPANY, INC., SANDFORD OIL SOUTH TEXAS, INC., WESTERN TRANSPORTATION, INC. and COASTLINE TRANSPORTATION, INC., in relation to said co-Defendants' employees. Defendant effectively dominated Defendants, SANDFORD OIL COMPANY, INC., SANDFORD OIL SOUTH TEXAS, INC., WESTERN TRANSPORTATION, INC. and COASTLINE TRANSPORTATION, INC. administratively or otherwise acts, or has the power to act, on behalf of the corporations vis-a-vis its employees and had the authority to direct and control the work of others. Thus, Defendant R BLAKE SANDFORD was an "employer" of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

19. At all relevant times, the named Plaintiffs and the putative members in this representative action were employees of Defendants for FLSA purposes and said Defendants employed or employ the named Plaintiffs and the putative members in the representative action.

## REPRESENTATIVE ACTION ALLEGATIONS

20. Plaintiffs brings this Complaint as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendants as non-exempt hourly paid employees who have not been compensated at the overtime premium rate for all hours worked in excess of 40 hours per week.

21. This Complaint may be brought and maintained as an "opt-in" collective action, pursuant to 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiffs because their claims are similar to the claims of the putative Plaintiffs of the representative action.

22. The names and addresses of the putative members of this representative action are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

23. Although Defendants have suffered, permitted, and/ or required Plaintiffs and Class Members to work in excess of forty hours per week, Defendants have denied them full compensation for their hours worked over forty.

24. Plaintiffs and Class Members perform or have performed the same or similar work.

25. Class Members are similar to Plaintiffs in terms of pay structures and the denial of overtime pay.

26. Defendants' failure to pay overtime compensation at the rates required by the FLSA result from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

27. Plaintiffs' experiences are typical of the experiences of the Class Members.

28. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

29. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

30. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

31. The class of similarly situated plaintiffs is properly defined as follows:

**All persons employed by Defendants who received an hourly wage without overtime compensation during the three year period preceding the filing of this lawsuit.**

## FACTUAL BACKGROUND

32. Defendants failed or refused to pay its employees the proper overtime pay for all hours worked in excess of 40 hours per week and often caused Plaintiffs to work 70 to 100 hours per week.

33. Management directed and/or was aware of employees not being properly compensated for all hours worked and therefore willfully violated the FLSA.

34. Defendants are in the business of distributing distillate fuel in the southern United States.

35. Defendants operates hundreds of trucks and employ hundreds employees in parts of Texas, New Mexico, Oklahoma, and Louisiana.

36. Defendants provide fuel and transportation service capabilities to fuel frac equipment to its customers in the oil and gas industry.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiffs, ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS, on behalf of themselves and all other similarly situated employees of Defendants, re-allege and incorporate herein the allegations contained in preceding paragraphs as if they were set forth fully herein.

38. At all relevant times, each Defendant has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" (i.e. fuel distribution and transportation solutions for frac sites) within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has

employed and/or continues to employ "employee[s]," including Plaintiffs and each of the putative members of the FLSA representative action who themselves handled goods that had travelled in interstate "commerce." At all times, each Defendant has had gross operating revenues in excess of $500,000.00 per annum.

39. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked in excess of 40 hours per week at time and a half of the employee's regular rate of pay.

40. Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive the appropriate overtime pay under the FLSA.

41. Defendants amongst other things, violated FLSA as follows:

   a. Not paying Plaintiffs any overtime for hours worked in excess of 40 hours per week;

   b. Causing Plaintiffs to begin their respective workday at the Yard and duly performing activities which were an integral part of Plaintiffs' principal activities and failing to properly compensate Plaintiffs for said work at the overtime rate or much the less, at any rate.

   c. Causing Plaintiffs to end their respective workday at the "yard" and duly performing activities which were an integral part of Plaintiffs' principal activities and failing to compensate Plaintiffs for said work at the overtime rate or much the less, at any rate.

   d. Failing to pay Plaintiffs for the travel time to and from the yard and the frac site despite Plaintiff having commenced and ended their workday

      at the yard.

    e.   Causing Plaintiffs to work off the clock.

42. As a result of Defendants failure to compensate their employees, including Plaintiffs ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS and all similarly situated employees at the overtime rate of pay, Defendants have violated—and continue to violate—the FLSA, 29 U.S.C. § 207(a)(1).

## PRAYER FOR RELIEF

43. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

44. Designation of Plaintiffs, ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS, as Representative Plaintiffs of the putative members of the FLSA representative action;

45. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

46. An award of damages, including liquidated damages, to be paid by Defendants;

47. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; Pre-Judgment and Post-Judgment interest, as provided by law; and

48. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

Respectfully submitted,

**GOLDBERG & LOREN, PA**

By: /s/ *James M. Loren, Esq.*
**James M. Loren**
**Attorney-in-charge**
Federal Bar No.: 2656541
George Z. Goldberg
Federal Bar No. 2659719
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:    469-412-4222
Facsimile:     (954) 585-4886
Jloren@goldbergloren.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiffs*