IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTERN TRANSPORTATION, INC. COASTLINE TRANSPORTATION, INC., R BLAKE SANDFORD and L K JORDAN & ASSOCIATES INC <br><br> Defendants. | § § § § § § § § § § § § § § § § § § CIVIL ACTION NO: 2:16-cv-119 |

## SECOND AMENDED COMPLAINT
*[Jury Trial Demanded]*

Plaintiffs, ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS on behalf of themselves and all others similarly situated, by and through counsel, hereby sets forth this Representative Action Complaint for Violation of the Fair Labor Standards Act as follows:

### NATURE OF THE COMPLAINT

1. Plaintiffs, ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS, bring this action against Defendants, WESTERN TRANSPORTATION, INC., COASTLINE TRANSPORTATION, INC., R BLAKE SANDFORD and L K JORDAN & ASSOCIATES, INC (Hereinafter "Defendants") for unpaid overtime wages and related penalties. Plaintiffs allege, on behalf of themselves and all other similarly situated

hourly employees of Defendants, that Defendants failed and refused to pay Plaintiffs, and all others similarly situated, the proper overtime pay and to timely tender payment of Plaintiffs' pay within the regular pay period all in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq.

2. Plaintiffs and all other similarly situated employees seek declaratory relief, unpaid overtime pay, liquidated and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

3. At all times relevant hereto, Defendants had an illegal practice and policy of making untimely payments of payroll in violation of the minimum wage provisions of FLSA and/or willfully failing to pay all or part of the overtime incurred to non-exempt hourly Helpers, Drivers, Crew Leaders, and Fuelers/Fuel Hands for hours worked in excess of 40 hours per week in violation of the overtime provisions of FLSA.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

5. The Southern District of Texas has personal jurisdiction over Defendants because they are doing business in Texas and in this judicial District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

A.     **Plaintiffs**

**Named Plaintiffs**

7.    Plaintiff, ASHLAND ARENAS, is a resident of Corpus Christi, Texas. Defendants R Blake Sandford, LK Jordan & Associates Inc and Coastline Transportation, Inc. employed Plaintiff as a Fueler/Fuel Hand from approximately May 28, 2014 to December 12, 2014.

8.    Plaintiff, JASON VILLAREAL, is a resident of Corpus Christi, Texas. R Blake Sandford, LK Jordan & Associates Inc and Coastline Transportation, Inc. employed Plaintiff as a frac tech crew leader and driver from 2010 to approximately September 1, 2015.

9.    Plaintiff, CEDRIC CAMP, is a resident of Colgate, Oklahoma. R Blake Sandford, LK Jordan & Associates Inc and Western Transportation, Inc. employed Plaintiff as a crew leader from June 11, 2011 to January 15, 2015.

10.   Plaintiff, JOE ROJAS, is a resident of Robstown, Texas. R Blake Sandford and Coastline Transportation, Inc. employed Plaintiff as a helper coordinator from March 1, 2013 to November 1, 2015.

11.   At all times material hereto, Plaintiffs were employees of Defendants for purposes of the FLSA.

**Opt-in Plaintiffs**

12.   The following is a list of Plaintiffs who have already joined the lawsuit and their job titles and corresponding Defendants who they worked for.

| Name | Job Title | Defendant Employer |
|---|---|---|
| Henary Bayles, | Helper | Western |
| Matthew Bazaldua, | Helper | Coastline |

| | | |
|---|---|---|
| Joshua Bethel, | Driver | Coastline |
| Christopher Booker, | Helper/Driver | Western |
| Patrick Brown, | Crew Leader | Western/ LK Jordan |
| Reco Burrell, | Driver | Western |
| Chiefton Camp, | Helper | Western/ LK Jordan |
| Mardy Canales, | Crew leader | Coastline |
| Joe Carrasco | Transport Driver | Coastline |
| Santos Carrasco | Driver | Coastline |
| Francisco Castillo, | Helper | Coastline |
| Juan Castillo, | Driver | Coastline |
| Juan Cisneros, | Driver | Coastline |
| Sean Clark, | transport driver | Coastline |
| Gabriel Conejo, | Helper | Western |
| Richard Crawford, | Driver | Western/ LK Jordan |
| Felix Cruz, | Driver | Coastline/ LK Jordan |
| Jesus DeLeon, | Helper | Coastline/ LK Jordan |
| Edward Derricks, | Driver | Coastline |
| Antonio Freeman, | Helper | Western |
| Benjamin Galvan, | Driver | Coastline |
| Alfonso Gaona, | Fueler | Coastline/ LK Jordan |
| Jose Gaona, | Driver/fueler | Coastline |
| Felipe Garcia, | Driver | Coastline |
| Hector Gonzalez, | Driver | Coastline |
| Juan Gonzalez, | Driver | Coastline |
| Anthony Green, | Driver | Coastline |
| Efrain Gutierrez, | Driver | Coastline |
| Kelvin Harper, | Driver | Western |
| Damarius Henderson, | Helper | Western |
| Demetrius Henderson, | Helper | Western |
| Navarro Hennings, | Driver | Western |
| Matthew Hofstetter, | Helper | Coastline/ LK Jordan |
| III, John Jacobs, | Crew Leader | Western/ LK Jordan |
| Juan  Jaso, | Helper | Coastline/ LK Jordan |
| Richard Jasso, | Crew Leader | Coastline |
| Jr., Reynaldo Jimenez, | Helper | Coastline/ LK Jordan |
| Juan Jimenez, | Helper | Coastline/ LK Jordan |
| Sr., Reynaldo Jimenez, | Driver | Coastline |
| Issac Knight, | Helper | Western |
| Leonel Longoria, | Helper | Coastline/ LK Jordan |
| Richard Lucio, | driver | Coastline |

| | | |
|---|---|---|
| Adrion Malone, | Helper | Western/ LK Jordan |
| Andre Malone, | Helper | Western/ LK Jordan |
| Juan Marin, | Helper | Coastline/ LK Jordan |
| Corey Martin, | Helper | Western |
| Juan Medina, | Driver | Coastline |
| Rosendo Mendoza, | Helper/Fueler | Coastline/ LK Jordan |
| Jimmy Meza, | Helper | Coastline/ LK Jordan |
| Wisdom Molina, | Crew Leader | Coastline/ LK Jordan |
| Alvaro Munoz, | Helper | Coastline/ LK Jordan |
| Dustin Paniagua, | Helper | Western |
| Ricardo Pena, | Helper/driver | Coastline/ LK Jordan |
| Wayne Pierce, | Helper | Coastline |
| Alexander Ploof, | Helper | Coastline |
| Erasmo Prado, | Driver | Coastline/ LK Jordan |
| Felipe Pruneda, | Driver | Coastline |
| Kelly Pugh, | Helper | Western |
| Jr., Pedro Ramirez, | Driver | Coastline |
| Darvis Raney, | Helper | Western |
| Jacob Riojas, | Helper | Coastline |
| Mark Rivera, | Helper | Western/ LK Jordan |
| Sergio Rocha, | Driver | Coastline |
| Cruz Rodriguez, | Helper | Coastline |
| Nomar Rohena, | Transport driver | Coastline/ LK Jordan |
| Fernando Rojas, | Helper | Coastline/ LK Jordan |
| Mister Ross, | Driver | Western |
| James Sabo, | Driver | Coastline |
| Jessie Self, | Fueler | Western |
| Larry Self, | Driver | Western |
| Ronald Smith, | Driver | Western |
| Terrence Smith, | Helper | Western/ LK Jordan |
| Dusty Snow, | Crew Leader | Western |
| Dean Sorenson, | Driver | Coastline/ LK Jordan |
| Jr., Lorenzo Stafford, | Helper | Coastline/ LK Jordan |
| Jacob Stoneking, | Helper | Western |
| Jamie Summit, | Crew Leader | Western |
| Winfrey Swanner, | Helper | Western |
| Dalton Taylor, | Helper | Western |
| Robert Taylor, | Fueler | Western |
| Jose Tercero-Martinez, | Driver | Coastline |
| Juan Trevino, | Helper | Coastline/ LK Jordan |

| Larry Tubbs, | Helper | Western/ LK Jordan |
|---|---|---|
| Benjamin Villarreal, | Helper | Coastline/ LK Jordan |
| Michael Walker, | Helper | Western/ LK Jordan |
| III, James Warren, | Helper | Western |
| Christopher Washington, | Fuel Hand | Western |
| Derrick Washington, | Fuel Hand | Western/ LK Jordan |
| Russ Wheeler, | Driver | Coastline |
| Brian Williams, | Driver | Western |
| Caleb Wright, | Helper | Western |
| Joe Zuniga, | Driver | Coastline |

**Representative Action Members**

13. The putative members of the representative action are those current and former employees of Defendants who are similarly situated to Plaintiffs; i.e., those who were paid late in violation of FLSA's minimum wage provision and/or were not paid and/or properly their regular or statutorily required overtime rate of pay for all hours worked in excess of 40 hours per week.

**B.  Defendants**

14. Defendant WESTERN TRANSPORTATION, INC. is a domestic for-profit corporation and conducts business in this state.

15. Defendant COASTLINE TRANSPORTATION, INC. is a domestic for-profit corporation and conducts business in this state.

16. Defendant L K JORDAN & ASSOCIATES, INC is a domestic for-profit corporation and conducts business in this state.

17. At all times material hereto Defendants, WESTERN TRANSPORTATION INC., COASTLINE TRANSPORTATION, INC., and L K JORDAN & ASSOCIATES, INC were collectively an "enterprise" under the FLSA as they

were under common ownership and management, had interrelated operations and had centralized control over labor relations.

18. At all times material hereto Defendants, WESTERN TRANSPORTATION INC., COASTLINE TRANSPORTATION, INC., and L K JORDAN & ASSOCIATES, INC were collectively "joint employers" under the FLSA.

19. Defendant R BLAKE SANFORD is a resident of the Southern District of Texas and at all times material hereto, was the managing agent of the Defendants, WESTERN TRANSPORTATION, INC. and COASTLINE TRANSPORTATION, INC.; said Defendant acted and acts directly in the interests of the Defendants, WESTERN TRANSPORTATION, INC. and COASTLINE TRANSPORTATION, INC., in relation to said co-Defendants' employees. Defendant R. Blake Sandford effectively dominated Defendants, WESTERN TRANSPORTATION, INC. and COASTLINE TRANSPORTATION, INC., administratively or otherwise acts, or has the power to act, on behalf of the corporations vis-a-vis its employees and had the authority to direct and control the work of others. Thus, Defendant R BLAKE SANDFORD was an "employer" of the Plaintiffs within the meaning of 29 U.S.C. § 203(d).

20. At all relevant times, the named Plaintiffs and the putative members in this representative action were employees of Defendants, WESTERN TRANSPORTATION INC., COASTLINE TRANSPORTATION, INC., R BLAKE SANDFORD and L K JORDAN & ASSOCIATES, INC for FLSA purposes and said Defendants employed or employ the named Plaintiffs and the putative members in the representative action.

## REPRESENTATIVE ACTION ALLEGATIONS

21. Plaintiffs bring this Complaint as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be jointly employed by Defendants as non-exempt hourly paid employees who have not been compensated at the overtime premium rate for all hours worked in excess of 40 hours per week and/or who were not paid their wages on payday thereby violating the minimum wage provisions of FLSA.

22. This Complaint may be brought and maintained as an "opt-in" collective action, pursuant to 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiffs because their claims are similar to the claims of the putative Plaintiffs of the representative action.

23. The names and addresses of the putative members of this representative action are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

24. Although Defendants have suffered, permitted, and/ or required Plaintiffs and Class Members to work in excess of forty hours per week, Defendants have denied them full compensation for their hours worked over forty.

25. Although Plaintiffs worked for Defendants, Defendants routinely delayed payment and/or failed to pay Plaintiffs on payday as required by FLSA.

26. Plaintiffs and Class Members perform/performed the same or similar work.

27. Class Members are similar to Plaintiffs in terms of pay structures and the denial of overtime pay and/or untimely payment of wages.

28. Defendants' failure to pay all or part of overtime compensation at the rates required by the FLSA or failure to tender pay checks resulted from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

29. Defendants' failure to timely pay paychecks on payday as required by FLSA resulted from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

30. Plaintiffs' experiences are typical of the experiences of the Class Members.

31. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

32. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

33. Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

34. The class of similarly situated plaintiffs is properly defined as follows:

a. **All Helpers, Drivers, Crew Leaders, and Fuelers/Fuel Hands employed by Defendants who received an hourly wage without overtime compensation during the three year period preceding the filing of this lawsuit.**

b. **All Helpers, Drivers, Crew Leaders, and Fuelers/Fuel Hands employed by Defendants who did not receive payment of wages on payday as required by FLSA.**

## FACTUAL BACKGROUND

35. Defendants failed or refused to pay its employees the proper overtime pay for all hours worked in excess of 40 hours per week, often caused Plaintiffs to work 70 to 100 hours per week, and/or failed to pay Plaintiffs on payday.

36. Management directed and/or was aware of employees not being properly compensated for all hours worked and therefore willfully violated the FLSA.

37. At all times material hereto, Defendants, WESTERN TRANSPORTATION INC. and COASTLINE TRANSPORTATION, INC., operated hundreds of trucks, employed hundreds of employees in parts of Texas, New Mexico, Oklahoma, and Louisiana and provided fuel and transportation service capabilities for fuel frac equipment to its customers in the oil and gas industry.

38. Defendants are owned and operated by the same management. R Blake Sandford serves as President for WESTERN TRANSPORTATION, INC. and COASTLINE TRANSPORTATION, INC.

39. The corporate Defendants functioned as a single unit for the purpose of providing distillate fuel to the oil and gas industry.

40. Western Transportation, Inc. and "Sandford fuels" share a website, which treats the corporations interchangeably.

41. Plaintiffs were merely informed that they were working for "Sandford Oil."

42. As President and owner of the corporate Defendants, R. Blake Sandford controlled Plaintiffs and opt-in Plaintiffs, supervised Plaintiffs and opt-in Plaintiffs, had the right to hire and fire Plaintiffs and opt-in Plaintiffs, maintained ownership of work facilities, invested, and made payroll decisions for each of the corporate Defendants.

43. R. Blake Sandford and the corporate Defendants are joint employers of Plaintiffs and opt-in Plaintiffs for purposes of the FLSA.

44. At all times material hereto, Defendant L K JORDAN & ASSOCIATES, INC, provided staffing services and arranged Plaintiffs' employment with Defendants WESTERN TRANSPORTATION, INC. and COASTLINE TRANSPORTATION, INC. Throughout Plaintiffs' employment with Defendants WESTERN TRANSPORTATION, INC. and COASTLINE TRANSPORTATION, INC., Defendant L K JORDAN & ASSOCIATES, INC served as a joint employer.

45. Per Defendant L K JORDAN & ASSOCIATES, INC's website[1], "employers can take advantage of our payroll services, human resource services, and vendor management services," rendering them "employers" of Plaintiffs.

46. Defendants acted directly or indirectly in the interest of an employer in relation to Plaintiffs and opt-in Plaintiffs.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## OVERTIME PAY

47. Plaintiffs, ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS, on behalf of themselves and all other similarly situated employees of Defendants, re-allege and incorporate herein the allegations contained in preceding paragraphs as if they were set forth fully herein.

48. At all relevant times, each Defendant has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" (i.e. fuel distribution and transportation solutions for frac sites) within the

---

[1] See LK JORDAN & ASSOCIATES, http://www.lkjordan.com (last visited August 14, 2016).

meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, each Defendant has employed and/or continues to employ "employee[s]," including Plaintiffs and each of the putative members of the FLSA representative action who themselves handled goods that had travelled in interstate "commerce." At all times, each Defendant has had gross operating revenues in excess of $500,000.00 per annum.

49. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees for all hours worked in excess of 40 hours per week at time and a half of the employee's regular rate of pay.

50. Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive the appropriate overtime pay under the FLSA.

51. Defendants amongst other things, violated FLSA as follows:

    a. Not paying Plaintiffs any overtime for hours worked in excess of 40 hours per week; and/or

    b. Partially paying overtime and causing Plaintiffs to work off the clock for the time that should have otherwise been paid at a time and a half rate; and/or

    c. Causing Plaintiffs to begin their respective workday at the "yard" and duly performing activities which were an integral part of Plaintiffs' principal activities and failing to properly compensate Plaintiffs for said work at the overtime rate or much the less, at any rate; and/or

    d. Causing Plaintiffs to end their respective workday at the "yard" and duly performing activities which were an integral part of

        Plaintiffs' principal activities and failing to compensate Plaintiffs for said work at the overtime rate or much the less, at any rate; and/or

    e. Failing to pay Plaintiffs for the travel time to and from the yard and the frac site despite Plaintiff having commenced and ended their workday at the "yard."

52. As a result of Defendants failure to compensate their employees, including Plaintiffs ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS and all similarly situated employees at the overtime rate of pay, Defendants have violated—and continue to violate—the FLSA, 29 U.S.C. § 207(a)(1).

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## (PROMPT PAYMENT)

53. Plaintiffs re-allege and incorporate herein the allegations contained in the preceding paragraphs as if they were set forth fully herein.

54. The FLSA requires that Defendants pay Plaintiff a minimum wage per hour. 29 U.S.C § 206(b).

55. The FLSA requires that the Defendants have a regular pay period and make reasonably prompt payments for the work performed in a pay period.

56. The failure to promptly pay wages to Plaintiff constitutes a minimum wage violation under the FLSA and Plaintiffs are therefore entitled to liquidated damages for the total minimum wage amount not timely paid.

57. Defendant employed Plaintiffs and frequently failed to pay Plaintiff on payday in violation of minimum wage laws under the FLSA.

WHEREFORE Plaintiffs demands judgment jointly and severally in their favor against Defendants to include liquidated damages and/or interest and reasonable attorney's fees and costs.

### PRAYER FOR RELIEF

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiffs, ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS, as Representative Plaintiffs of the putative members of the FLSA representative action;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

d. An award of damages jointly and severally against all Defendants, including liquidated damages, to be paid by Defendants;

e. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; Pre-Judgment and Post-Judgment interest, as provided by law; and any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand

a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

        Respectfully submitted,

        By: /s/ James M. Loren, Esq.
        **James M. Loren**
        **Attorney-in-charge**
        Federal Bar No.: 2656541
        George Z. Goldberg
        Federal Bar No. 2659719
        Rachael Rustmann
        TX Bar No. 24073653
        Goldberg & Loren, PA
        3102 Maple Ave, Suite 450
        Dallas, Texas 75201
        Main Phone:   469-412-4222
        Facsimile:     (954) 585-4886
        jloren@lorenlaw.com
        rrustmann@goldbergloren.com
        ggoldberg@goldbergdohan.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on August 14, 2016 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

**SERVICE LIST**

Edward M. "Ted" Smith
State Bar No. 00791682
tsmith@cornellsmith.com
Andrew J. Broadaway
State Bar No. 24082332
abroadaway@cornellsmith.com
CORNELL SMITH MIERL
& BRUTOCAO, LLP
1607 West Avenue
Austin, Texas 78701

Kimberly R. Miers
Texas State Bar No. 24041482
kmiers@littler.com
Earl M. (Chip) Jones, III
Texas State Bar No. 00790982
ejones@littler.com
Jessica E. Anderson
Texas State Bar No. 24082629
jeanderson@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931