UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ASHLAND ARENAS, *et al*, § § Plaintiffs, § VS. § SANDFORD OIL COMPANY, INC., *et al*, § § Defendants. § § § § § | CIVIL ACTION NO. 2:16-CV-00119 |

## **ORDER**

Plaintiffs bring this action against Defendants for unpaid overtime pay under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.  Before the Court is Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (D.E. 43), to which Plaintiffs have responded (D.E. 47).  Also before the Court is Plaintiffs' Motion for Leave to Correct Complaint by Interlineation (D.E. 53), seeking to correct the identity of the employer.  For the reasons set out below, the Court GRANTS the motion to dismiss, DENIES the motion to correct, and ORDERS Plaintiffs to file a motion for leave to amend with a pleading compliant with federal pleading rules in the event Plaintiffs seek to prosecute this action.

Defendants' challenge to Plaintiffs' pleading pursuant to the federal fact-specific pleading rules is not their first such challenge in this case.  They sought dismissal or a more definite statement in a motion filed May 31, 2016.  D.E. 14.  That motion was mooted by Plaintiffs' filing of their first amended complaint on June 24, 2016.  D.E. 24.  Plaintiffs' second amended complaint followed on August 14, 2016.  D.E. 29.  Plaintiffs now seek

leave to file a third amended complaint (D.E. 53-1), which does not add any detail to the substantive allegations made under the FLSA.

The test of pleadings under Rule 12(b)(6) is devised to balance a party's right to redress against the interests of all parties and the court in minimizing expenditure of time, money, and resources devoted to meritless claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "Pleadings must be construed so as to do justice." Rule 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id*., 550 U.S. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

The Supreme Court, elaborating on *Twombly*, stated, "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do

not suffice." *Id*. In dismissing the claim in *Iqbal*, the Court stated, "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." 556 U.S. at 681.

Having reviewed the second amended complaint, the Court finds that the pleading contains only formulaic recitations of the causes of action pled. It is devoid of facts necessary to demonstrate the plausibility of a single FLSA violation. While Plaintiffs seek leave to amend in the event that their complaint is considered deficient, their proposed third amended complaint (D.E. 53-1) does nothing to cure the *Twombly/Iqbal* deficiencies in the pleading. Thus it would be a futile amendment, even though it seeks to accomplish other ends. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be freely given unless other issues counsel against it, such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment).

For these reasons, the Court GRANTS the motion to dismiss (D.E. 43) and DENIES the motion for leave to correct (D.E. 53). The Court ORDERS, pursuant to Plaintiffs' request in their response (D.E. 47), that Plaintiffs file a motion for leave to amend, should they desire to pursue this action, on or before December 23, 2016. The motion must include as an exhibit the proposed pleading containing allegations sufficient under *Twombly/Iqbal*.

ORDERED this 19th day of December, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE