IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ASHLAND ARENAS, JASON VILLAREAL, CEDRIC CAMP and JOE ROJAS on behalf of themselves and all others similarly situated, | § § § § § |
| Plaintiffs, | § § |
| vs. | § CIVIL ACTION NO: 2:16-cv-119 § § § |
| WESTERN TRANSPORTATION, INC. COASTLINE TRANSPORTATION, INC., R BLAKE SANDFORD and L K JORDAN & ASSOCIATES INC | § § § § § § |
| Defendants. | § |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT
*[Jury Trial Demanded]*

Plaintiffs Ashland Arenas, Jason Villareal, Cedric Camp, and Joe Rojas, on behalf of themselves and all others similarly situated, file this response to Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint and respectfully show the Court the following:

## I.   INTRODUCTION

Defendants bring their motion arguing for dismissal despite explicit facts in Plaintiffs' Third Amended Complaint that thoroughly describe Plaintiffs' Fair Labor Standards Act claim and more than satisfy Federal Rules of Civil Procedure 8(a), *Twombly* and *Iqbal*.

## II.   ARGUMENT

### A.   Plaintiffs' Motion for Leave to Amend

In their Motion to Dismiss Plaintiffs' Third Amended Complaint, Defendants surprisingly accuse Plaintiffs of attempting to mislead the Court into somehow believing that

Defendants were not going to challenge Plaintiff's complaint. It is unclear how the filing of a Court authorized Motion for Leave to Amend which was filed only after conferring with opposing counsel was distorted in such a manner so as to suggest improper conduct by Plaintiffs. Simply put, such an accusation in unwarranted and should be disregarded.

      B.  Standard of Review

Motions to dismiss for failure to state a claim carry an exceedingly high standard of review, are disfavored by the courts, and are rarely granted. *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997); *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999); *Clontz v. Life Insurance Co. of North America*, 2009 WL 1491203 *1, (N.D. Tex. May 28, 2009) (citing *Priester v Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004)). A motion to dismiss should only be granted if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law. *Clontz* at *1.

*Twombly* and *Iqbal* require facial plausibility for a pleading to be sufficient. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Clontz* at *1 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (quoting *Twombly* at 570)). The Supreme Court clarified in *Iqbal* that "a claim as facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court "must accept the factual allegations in the pleading as true" and must liberally construe the claims in the light most favorable to the plaintiff. *Clontz* at *1 (citing *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) and *Iqbal* at 1949-50). When plaintiff has well pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal* at 1949-50. This standard "calls for enough fact to raise a

reasonable expectation that discovery will reveal evidence of the necessary claims or elements." *Morgan v. Hubert*, 2009 WL 1884605, *3 (5th Cir. July 1, 2009) (unpublished) (citing *In re So. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556)).

Plaintiffs are not required to plead particularized facts in support of each element of their prima facie case; as *Twombly* clarified, "the complaint warranted dismissal because it failed *in toto* to render plaintiff's entitlement to relief plausible." *Twombly* at 569 n. 14; *see also Gulf Coast Motel Ass'n v. Mississippi Gulf,*  658 F.3d 500, 506 (5th Cir. 2011) (finding that, while certain allegations standing alone fell short, the complaint "read as a whole" satisfied the standards enunciated in *Twombly* and *Iqbal*).

## C.  Plaintiffs have standing to bring suit against all Defendants

Defendants claim that Plaintiffs lack standing and seek dismissal of Plaintiffs' Complaint because Plaintiffs allegedly have not properly plead that each Plaintiff was employed by each Defendant. Defendants mistakenly suggest/demand specific individual allegations as to every opt-in, which is contrary to the purpose of a collective action. Defendants cite to one case[1] regarding standing, *Martin v. BMS Enters., Inc.*[2]. *Martin v. BMS Enters., Inc.*, No. 3:09-CV-2159-D, 2010 U.S. Dist. LEXIS 66050 (N.D. Tex. July 1, 2010). However, *Martin* is distinguishable from this instant matter because in *Martin*, Plaintiff included additional employer defendants who were employers of putative class members only and not Plaintiff. The court in *Martin* went on to state that "[p]laintiffs cannot establish standing by pointing to an injury that a

---

[1]

Defendants cite to *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.* as well; however, this case is not on point because it deals with product liabilities claims and wholly misses the mark of the joint-employer liability doctrine.  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 570 F. Supp. 2d 851, 856 (E.D La. 2008)

[2]

Defendants incorrectly cited this case as *Lucas v. BMS Enters., Inc.*

defendant caused to a putative class member [only]." *Id.* at *6-7. That is clearly not the case here. Each named Plaintiff has standing and asserts a claim against one or more of the named Defendants. Plaintiffs do not seek to introduce Defendants who solely employed putative class members. In *Martin,* the Plaintiffs argued that they had standing merely because defendants constituted a single enterprise but failed to allege any connection between the enterprise and defendants' status as an employer. The instant Plaintiffs do not suggest that the existence of a single enterprise is by itself sufficient, but rather, they assert that Defendants collectively constitute a "joint employer" for the purposes of the FLSA thereby making them Plaintiffs' "employer(s)" as that term is understood in the context of the FLSA. Accordingly, Plaintiffs have standing to bring suit against all Defendants as joint employers.

D. The broad definition of "employer" under the FLSA

Courts adhere to the firmly established principle that the FLSA must be **liberally construed** to effectuate Congress' remedial intent. *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983) (In determining "employer" status under the FLSA, "we adhere to the firmly-established guidon that the FLSA must be liberally construed to effectuate Congress' remedial intent."); *Donovan v. I-20 Motels, Inc.*, 664 F.2d 957, 959 (5th Cir. 1981) ("The FLSA is to be liberally construed to provide broad coverage."). In particular, the Fifth Circuit has long recognized that the "remedial purposes of the FLSA require that the courts define 'employer' **more broadly** than the term should be interpreted in traditional common law applications." *McLaughlin v. Seafood, Inc.*, 861 F.2d 875, 877 (5th Cir. 1989) (emphasis added).

Most litigation in this area centers on whether other entities and individuals, besides the defendant corporation, also meet the definition of "employer" under the Fair Labor Standards Act and may be held jointly and severally liable for unpaid overtime along with the obvious

employer. *Donovan v. Sabine Irrigation Co.,* 695 F.2d 190, 194 (5th Cir. 1983). The Fifth Circuit has defined a court's task as "to transcend traditional concepts of the employer-employee relationship and address the economic realities presented by the facts of each case." *Id*. at 195.

### E.   A joint employer/employee relationship exists

Defendants have also mistakenly claimed that Plaintiffs have not properly pled the existence of a joint employer/employee relationship. However, Plaintiffs have clearly alleged that there exists a common ownership between Defendants Western Transportation, Inc., Coastline Transportation, Inc. and R Blake Sandford, and Plaintiffs have further alleged that Defendant L K Jordan & Associates, Inc. acted in the interests of an employer by providing payroll services and human resource services to Plaintiffs.

Under the Fifth Circuit's economic realities test, to determine whether defendant is an employer, the court must consider who "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010).   An employee may also have multiple simultaneous employers under the FLSA. *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Where such is the case, "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act." 29 CFR § 791.2. It is not necessary that each element of the economic realities test be present in every case, and the courts must review the totality of the circumstances. G*ray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). "No one factor is dispositive; rather, it is incumbent upon the courts to transcend traditional concepts of the employer-employee relationship and assess the economic realities presented by the facts of each case." *Sabine Irrigation Co.,* 695 F.2d at 195.

Whether a person or corporation is an employer or joint employer is essentially a question of fact. *See Boire v. Greyhound Corporation,* 376 U.S. 473 (1964); *Wirtz v. Lone Star Steel Co.,* 405 F.2d 668, 699 (5th Cir. 1968); *Chao v. Barbeque Ventures*, LLC, No. 8:06-cv-676, 2007 U.S. Dist. LEXIS 91397, at *17 (D. Neb. Dec. 12, 2007) ("[w]hether two [or more] companies constitute a single enterprise for purposes of the [FLSA] and whether they are liable as joint employers under § 207, are technically separate issues. However, the factual considerations may be the same or very similar.") Additionally, the FLSA broadly defines "employ" as "suffer or permit to work." 29 U.S.C. § 203(g).  In fact, the Fifth circuit has noted that the FLSA uses the term "employee . . . in the broadest sense ever . . . included in any act. " *Robicheaux v. Radcliff Material, Inc.,* 697 F.2d 663, 665  (5th Cir. 1983).

Courts routinely find that a temporary staffing agency is a joint employer under the FLSA. *See Beltre v. Lititz Healthcare Staffing Solutions, LLC* 757 F. Supp. 2d 373 (S.D.N.Y. 2010) (denying Defendant staffing agency's Motion to Dismiss because Plaintiffs' allegations that they were 'employed directly by Lititz' and that Lititz was a 'joint employer []' of Plaintiffs do that well enough."); *Jackson v. Fannie Mae*, 181 F. Supp. 3d 1044, 1054 (2016) ("A business that utilizes staffing agencies may be deemed a joint employer of the staffing agency's employees.); *Butler v. Drive Automotive Industries of America, 793 F.3d 404, 410 (4th Cir. 2015)*("the joint employment doctrine also recognizes the reality of changes in modern employment, in which increasing numbers of workers are employed by temporary staffing companies that exercise little control over their day to day activities") (applying the joint employer doctrine in a Title VII case); United States Department of Labor, Administrator's Interpretation No. 2016-1, Joint Employment Under the Fair Labor Standards Act and migrant and Seasonal Agricultural Worker Protection Act (available at

https://www.dol.gov/whd/flsa/Joint_Employment_AI.htm) (last accessed February 1, 2017) (advising that the economic realities test should be used to determine if a staffing agency and another employer are joint employers).

At this stage, the court need only examine whether allegations of relevant facts are sufficient to state an employment or joint employment relationship under the FLSA.

Plaintiffs have indeed pleaded sufficient facts to support the inference that each Plaintiff was employed or jointly employed by one or more Defendants.  In their Third Amended Complaint, Plaintiffs specifically point out which Defendant or Defendants employed each Plaintiff and opt-in Plaintiff. Plaintiffs also allege that Defendants are under common ownership and management, had interrelated operations and had centralized control over labor relations. [D.E. 57, p. 9]. Plaintiffs allege that Defendant R Blake Sandford, as President and owner of the Initial Defendants, exhibited control over, supervised, and had the right to hire and fire Plaintiffs and opt-in Plaintiffs. [D.E. 57, p. 13]. Defendant L K Jordan & Associates, Inc., while providing human resources services, hired and fired Plaintiffs who provided work services to the other named Defendants. [D.E. 57, p. 14].   It is through the providing of these employer/human resource services that Defendants jointly supervised and controlled employee work schedules or conditions of employment, determined the rate and method of each Plaintiff's compensation, and maintained employment records. *Id.* Plaintiffs correctly alleged that Defendants were collectively joint employers under the FLSA. [D.E. 57, p. 9].

Plaintiffs go on to allege that each Plaintiff was engaged in commerce during his employment with Defendants. [D.E. 57, p. 15]. It is certainly plausible that each Defendant is an enterprise engaged in commerce, as that term is defined in 29 U.S.C. § 203(r), and therefore, jointly and severally liable to Plaintiffs as their employers under the FLSA.  It is clear from

Plaintiffs' Complaint that Defendants engaged in the hiring and firing of Plaintiffs, supervised the work Plaintiffs performed, determined the rate of pay each Plaintiff was to receive, refused to properly compensate Plaintiffs in accordance with the FLSA, and maintained employment records through human resources. Accordingly, Plaintiffs have met the relatively **low threshold** of pleading requirements under *Iqbal, Twombly,* and *Williams.*

  F. <u>Class determinations should not be made at this stage</u>

   Defendants seek to dismiss Plaintiffs' class allegations because Plaintiffs allegedly have not proven that they are similarly situated to the class they seek to represent. Each representative Plaintiff represents one or more of the job titles Plaintiffs seek to represent, and each representative Plaintiff was employed by one or more of the Defendants. Defendants' challenge to the collective action is premature and not proper for a rule 12(b)(6) motion. *See Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 U.S. Dist. LEXIS 114130, at *4 (S.D. Tex. Dec. 8, 2009)("the plaintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion."). The collective nature of this action is more properly challenged when Plaintiffs move for conditional certification and issuance of notice to the class. Therefore, the Court should reserve ruling on that issue until Plaintiffs move for class certification and Defendants have filed an Answer.

  G. <u>Defendants are on notice that they are being sued for FLSA untimely payment violations</u>

   Plaintiffs have made it clear in their Complaint that they were on more than one occasion paid late. Plaintiffs are not in control of their paystubs from their employment and therefore are unable to state specifically which weeks they were paid late and how late they were paid. To establish the details that Defendants believe are missing from Plaintiffs' complaint, Defendants should seek such details through discovery. Plaintiffs have clearly pleaded above and beyond the

minimum threshold pleading requirements set forth in Federal Rules of Civil Procedure 8 and *Iqbal*.

    H.   <u>In the alternative, Plaintiffs request that Defendant L K Jordan & Associates, Inc. be dismissed only</u>

While Plaintiffs believe that all Defendants are proper parties to this litigation, should this Court find that Plaintiffs have not properly pleaded that Defendant L K Jordan & Associates Inc. is a proper joint employer, Plaintiffs ask that this Court dismiss them only.

    I.   <u>To the extent of dismissal of Plaintiffs' claims is warranted, such dismissal should be without prejudice</u>

Plaintiffs respectfully request that if the Court finds that dismissal is warranted, that any such dismissal be without prejudice, since Plaintiffs represent a not-yet-defined class of employees who should not be prejudiced from making claims they have that the Court finds the current named Plaintiffs lack standing to allege. *See, e.g. Self v. TPUSA, Inc.*, 2:08-CV-395-PMW, 2009 WL 273326, at *2 (D. Utah Feb. 4, 2009) (Georgia state law claims dismissed, but without prejudice so that, if plaintiffs from Georgia later join the action, they may move for leave to include any relevant state-law claims).

    J.   <u>Defendants' request for sanctions should be denied</u>

An award of attorney's fees under 28 U.S.C. § 1927 "requires evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 871 (5th Cir. 2014). The Fifth Circuit expounded on the standard for sanctions under § 1927 as follows:

> In awarding fees under this provision, "[t]he district court must make detailed factual findings." Specifically, the court is required to "(1) identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate

between sanctions awarded under different statutes." Further, punishment under §
1927 is "sparingly applied." This court has held that sanctions under § 1927 are
"punitive in nature and require clear and convincing evidence" that sanctions are
justified. "An unsuccessful claim is not necessarily actionable." Section 1927
sanctions should be employed "only in instances evidencing a serious and
standard disregard for the orderly process of justice," lest "the legitimate zeal of
an attorney in representing [a] client [be] dampened."

*Id*. at 871-72 (internal citations omitted). Unlike Rule 11 sanctions, which have a lower
reasonableness standard, Section 1927 requires a higher showing of subjective bad faith or
reckless conduct.

*Lawyers Title Ins. Corp.* discusses the kind of conduct that is not sanctionable under
Section 1927. There, property owners sued their title insurance company for breach of insurance
contract, but also brought common law bad faith claims, statutory bad faith claims under the
Texas Insurance Code, and claims under the Texas DTPA. 739 F.3d at 869. To support a § 1927
motion, the title insurance company only put forth evidence that the property owners' claims
lacked merit, and although the Court upheld the dismissal of those claims, it also held that
awarding § 1927 sanctions based on evidence of a meritless claim was an abuse of discretion. *Id.*
at 871-73.

Defendants have not demonstrated the type of bad faith required or much the less *any* bad
faith so as to justify an award under § 1927. They failed to provide the required clear and
convincing evidence that Plaintiffs' counsel had any improper motive or exercised "a serious and
standard disregard for the orderly process of justice." Defendants have provided insufficient
evidence that Plaintiffs' counsel's conduct in naming them in this lawsuit was both unreasonable
and vexatious. There was a factual basis supporting the legal theories of a single integrated
enterprise and horizontal joint employment, based on the interconnectedness between

Defendants.

Plaintiffs' counsel always believed and still continue to believe that the claims they asserted against all Defendants are meritorious, and Plaintiffs' counsel certainly never had any improper motive for pursuing those claims. (*Id.*, ¶ 5.) *See Lawyers Title Ins. Corp.* 739 F.3d at 872 (holding that the magistrate judge abused his discretion in awarding fees because the evidence "[a]t most" showed that the unsuccessful "claims lack merit, which is not a sufficient basis for awarding sanctions attorneys," and the unsuccessful attorneys "sincerely believed" their claims were meritorious). Rather, Plaintiffs' counsel's only motives were to zealously pursue Plaintiffs' interests.

## <u>CONCLUSION</u>

Wherefore, for the above and foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Dismiss and request for sanctions be denied in its entirety, and in the event this Court finds that Defendant L K Jordan & Associates Inc. is not a joint employer, Plaintiffs request that this Court dismiss Defendant L K Jordan & Associates Inc. only and award Plaintiffs all further and additional relief to which they are entitled.

Respectfully submitted,

By: */s/ James M. Loren, Esq.*
**James M. Loren**
**Attorney-in-charge**
S.D. Tex. Bar No.: 2656541
George Z. Goldberg
S.D. Tex. Bar No.: 2659719
Rachael Rustmann
TX Bar No. 24073653
**GOLDBERG & LOREN, PA**
3102 Maple Ave, Suite 500
Dallas, Texas 75201
Main Phone:    800-719-1617
Facsimile:     (954) 585-4886
jloren@lorenlaw.com
ggoldberg@goldbergdohan.com
rrustmann@goldbergloren.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on February 2, 2017 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

*/s/ Rachael Rustmann*
Rachael Rustmann, Esquire
Texas Bar No.: 24073653
Co-Counsel for Plaintiffs

**SERVICE LIST**
Edward M. "Ted" Smith
State Bar No. 00791682
tsmith@cornellsmith.com
Andrew J. Broadaway
State Bar No. 24082332
abroadaway@cornellsmith.com
CORNELL SMITH MIERL
& BRUTOCAO, LLP
1607 West Avenue
Austin, Texas 78701

Kimberly R. Miers
Texas State Bar No. 24041482
kmiers@littler.com
Earl M. (Chip) Jones, III
Texas State Bar No. 00790982
ejones@littler.com
Jessica E. Anderson
Texas State Bar No. 24082629
jeanderson@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX  75201-2931

Keith B. Sieczkowski
Texas State Bar No. 18341650
ksieczkowski@branscombpc.com
BRANSCOMB P.C.
802 North Carancahua, Suite 1900
Corpus Christi, TX 78401